This is a child custody jurisdiction case arising under the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A
(West Supp. 1984).
This appeal involves two minor children, who have been the subject of custody proceedings in Alabama, Florida, and Mississippi. The Circuit Court of Clarke County modified all prior decrees and ordered the following: "The temporary care, custody and control of said minor children shall remain with the Department of Pensions and Security of Clarke County, Alabama, in Shelter Care pending further hearings in this cause."
The mother appeals, contending that the Alabama court erred in refusing to extend full faith and credit to a Florida custody order.
The Circuit Court of Escambia County, Florida, had previously ordered the following:
 "(N) The minor, John Paul, having resided with the Respondent/father for approximately fourteen years, is able to remain in this environment. . . .
". . . .
 "2. [H]owever, Health and Rehabilitative Services is to continue supervision of the minor pending further order.
 "3. The minor child, Evelyn, is temporarily remanded to the custody of the Department of Health and Rehabilitative Services for placement into foster care."
". . . .
 "7. Neither party shall be permitted to remove either child from Escambia County, Florida, without the prior consent of this Court."
We affirm the decision of the Circuit Court of Clarke County, Alabama, not to extend full faith and credit to the Florida custody order.
The facts pertinent to the issue of jurisdiction are the following: The father *Page 1111 
moved to Alabama in 1979. The father obtained custody of the son in 1980 as part of a Mississippi divorce decree. The daughter came to live with the father in Alabama in May 1983. The father was awarded custody of the daughter on June 2, 1983, by the Circuit Court of Choctaw County, Alabama. The father took both minor children to Meridian, Mississippi, on July 11, 1983, to stay with the father's close friend because of threatening phone calls the father received that apparently endangered the children's lives. The father assisted the close friend's move to Escambia County, Florida, in early August 1983. The children were to stay with the close friend in Florida until their school year began in Alabama and in order for the father to complete the construction of a house for the children and himself.
The mother got a temporary custody order for both children from the Circuit Court of Escambia County, Florida, on November 8, 1983. The mother then took both children to Mississippi. The son was returned to the father immediately pursuant to a court order. Testimony indicates that the daughter was also ordered returned to the father; however, she was not returned to the father.
Then, as previously stated, the Circuit Court of Escambia County, Florida, on January 16, 1984, ordered the temporary custody of the daughter to be placed in the Florida Department of Health and Rehabilitative Services and ordered the custody of the son to remain in the father. The father was apparently arrested for removing the daughter from Florida during an authorized visitation at the daughter's foster home.
As indicated, the Circuit Court of Clarke County, Alabama, pursuant to the father's petition, ordered the temporary custody of both children in the Department of Pensions and Security of Clarke County, Alabama. The date of this last custody order was March 30, 1984.
We note that the Parental Kidnapping Prevention Act of 1980,28 U.S.C.A. § 1738A (West Supp. 1984) [hereinafter cited as PKPA], governs the issue of jurisdiction in interstate child custody matters. We stated in Flannery v. Stephenson, 416 So.2d 1034
(Ala.Civ.App. 1982), the following: "Because the federal statute, the PKPA, preempts the state law, the UCCJA, in areas where the statutes conflict, questions of jurisdiction arising in interstate child custody matters must now be decided by reference to the PKPA." Flannery, 416 So.2d at 1038.
This federal statute provides in pertinent part:
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 (1) such court has jurisdiction under the law of such State; and
(2) one of the following conditions is met:"
PKPA, 28 U.S.C.A. § 1738A (c)(1), (2) (West Supp. 1984) (emphasis added).
The mother relies upon four of five conditions listed in subsection (c)(2) of the statute to establish the jurisdiction of the Circuit Court of Escambia County, Florida.
The first condition that the mother relies upon to establish the Florida court's jurisdiction is the "significant connection" provision. This provision provides in pertinent part:
 "[I]t is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State. . . ."
PKPA, 28 U.S.C.A. § 1738A (c)(2)(B) (West Supp. 1984) (emphasis added).
The mother asserts that both minor children had a "significant connection" with the State of Florida for the following four reasons: (1) the children had lived in Florida three months at the time the Florida custody proceeding began; (2) both children were enrolled in school in Florida; (3) the daughter was examined by physicians and a psychologist in Florida; and (4) the father lived in Florida. *Page 1112 
We do not find that either child had a "significant connection" with the State of Florida. This is true because the father testified that he was not a resident of Florida but a resident of Alabama, and there is no evidence that the mother was a resident of Florida. Furthermore, the testimony indicates that the children were only temporarily staying in Florida and there only for three months.
The language of the statute, in this instance, requires more than the physical presence of the children and their parents, or the children and at least one parent. The facts do not meet this requirement.
The second condition that the mother relies upon to establish the Florida court's jurisdiction is the "emergency" provision. This provision provides in pertinent part: "(C) the child is physically present in such State and . . . (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;" PKPA,28 U.S.C.A. § 1738A (c)(2)(C) (West Supp. 1984) (emphasis added).
The mother asserts that both children were physically present in Florida at the beginning of the custody proceedings there because it was necessary to protect the children from mistreatment and abuse. We do not find this to be an emergency situation because there is no evidence to indicate physical or emotional mistreatment or abuse of the children by the father. Regarding the apparent sexual abuse of the daughter, there is no evidence to indicate whether this occurred while the daughter was in the custody of the father or the mother.
The third and fourth conditions that the mother relies upon to establish the Florida court's jurisdiction are the provisions based on "continuing jurisdiction." These provisions provide in pertinent part:
 "(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
 "(E) the court has continuing jurisdiction pursuant to subsection (d) of this section."
PKPA, 28 U.S.C.A. § 1738A (c)(2)(D), (E) (West Supp. 1984).
The mother asserts that the Florida custody order maintained "continuing jurisdiction" of the minor children and that Florida would continue to be the residence of the children if the father had not taken them to Alabama. Furthermore, the mother asserts that Alabama does not have "continuing jurisdiction" of the children because the children and the father moved to Florida.
We note that there are certain requirements for "continuing jurisdiction" to exist. We have stated the following: "Continuing jurisdiction exists when the initial custody order was rendered in compliance with the PKPA and the child or any contestant continues to reside in the state." Flannery v. Stephenson,416 So.2d 1034, 1038 (Ala.Civ.App. 1982).
First, we cannot say that Florida's initial custody order complied with the PKPA unless one of the five conditions listed in 28 U.S.C.A. § 1738A (c)(2) (West Supp. 1984) is met. The mother did not assert that the first condition, the "home state" condition, 28 U.S.C.A. § 1738A (c)(2)(A) (West Supp. 1984), was met by the State of Florida. Actually, as discussed later in this opinion, we find that the children's "home state" is Alabama. Furthermore, as previously discussed, we have determined that the remaining four conditions are not met.
Second, we cannot say that the children or either parent is a resident of Florida. There is no evidence to indicate that any of these people reside in Florida.
Because the custody provisions of the Florida decree did not comply with the PKPA, Alabama was not required to extend full faith and credit to the Florida custody order. *Page 1113 
We find that Alabama has "continuing jurisdiction" of the minor children because the Alabama custody order was rendered in compliance with the PKPA and the children and the father continue to reside here.
First, the Alabama court's custody provision was rendered in compliance with the PKPA per the "home state" provision of the statute. This provision provides in pertinent part:
 "(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;"
PKPA, 28 U.S.C.A. § 1738A (c)(2)(A) (West Supp. 1984) (emphasis added).
"Home state" is defined as follows: "(4) `home State' means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months. . . ." PKPA,28 U.S.C.A. § 1738A (b)(4) (West Supp. 1984).
Alabama is the "home state" of the son because the evidence indicates that the son has lived in Alabama since 1979. Alabama is the "home state" of the daughter because the evidence indicates that the daughter lived in Alabama from May 1983 until the Florida court ordered temporary custody in the mother on November 8, 1983.
We note that the period of time that the children stayed in Mississippi and Florida with the father's close friend is counted in determining that the "six consecutive months" requirement is met. This is true because the federal statute provides the following: "Periods of temporary absence of any of such persons are counted as part of the six-month or other period;" PKPA,28 U.S.C.A. § 1738A (b)(4) (West Supp. 1984). Clearly, in view of the facts as set out herein above, the children's absence from Alabama was of a temporary nature.
In view of the above, the trial court's action is correct and is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.